O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CR 11-410-PSG<br>CV 12-7270 PSG | Date | August 31, 2012 |
|---|---|---|---|
| Title | Tiana Renee Baudoin v. United States | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order DENYING Petitioner's Motion for Appointment of Counsel**

     Before the Court is Petitioner's motion for appointment of counsel. Dkt. #2. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the papers submitted in support of the motion, the Court denies the motion.

     A district court will secure counsel for an indigent civil litigant only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted).

     In the present case, the Court does not find exceptional circumstances warrant the securing of counsel. The Court believes that Petitioner has the ability to articulate her claims adequately on her own. Neither the facts nor the legal issues involved are unusually complex. Therefore, Petitioner's motion for appointment of counsel is DENIED.

     **IT IS SO ORDERED.**